UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON SMITH,
    Plaintiff,

v.

DR. LAW FU, et al.,
    Defendants.

Case No. 19-02119 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner at the Correctional Training Facility ("CTF") in Soledad, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against CTF personnel. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

**A.**     <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. **Plaintiff's Claims**

Plaintiff claims that he is a "chronic care patient" with osteo arthritis in his right shoulder which is associated with chronic pain since July 2015. (Compl. Attach. at 5.) He had a prescription for 15mg of methadone since July 2015. (*Id.*) On July 25, 2018, Plaintiff was transported to Twin City Medical Community for a recommended "orthopedic consultation/evaluation." (*Id.*) Upon his arrival, Plaintiff was directed to sign a waiver of liability and consent to videotaping surgery, among other things, before receiving treatment. (*Id.* at 5-6.) When Plaintiff declined to sign the document, he was denied medical treatment by Defendant Dr. Kowall, the orthopedic specialist whom he was scheduled to see. (*Id.* at 6.) On July 29, 2019, Plaintiff was seen by Defendant D. Fu Law, whom Plaintiff claims informed him that he was taking Plaintiff off methadone because Plaintiff had refused to sign the document presented to him by Dr. Kowall on July 25, 2019. (*Id.* at 6-7.) Subsequently, Plaintiff's 15mg methadone prescription was reduced to 5 mg per day. (*Id.* at 7.) When Plaintiff met with Defendant Dr. Ross on August 6, 2018, he requested some "low level medications" to manage his withdrawal symptoms from methadone. (*Id.* at 7-8.) Plaintiff alleges that Defendant Ross told him that he "should have just signed the waiver form when you went to see defendant Dr. Kowall on 07/25/18, now you could smoke all the marijuana you want to." (*Id.* at 8.) Defendant Ross only prescribed capsaicin cream, which only inflamed Plaintiff's right shoulder injury. (*Id.*) On August 15, 2018, Plaintiff filed an "emergency appeal" in an effort to have medical staff intervene and stop the withdrawal symptoms that he was experiencing, including

2

headaches, dizziness, cramps, diarrhea, etc. (*Id.*) Plaintiff claims that Defendant M. Votaw, the prison health care grievance office representative, "deliberately ignored a serious medical need, by bypassing an emergency screening which lead to extended suffering of withdrawal symptoms for up to two weeks as a result of defendant M. Votaw's inaction." (*Id.*) Plaintiff claims that Defendant S. Posson, the Chief Medical Executive, delayed recommended physical therapy until January 24, 2019. (*Id.*) Plaintiff claims that Defendants' actions amounted to retaliation under the First Amendment and deliberate indifference to serious medical needs under the Eighth Amendment. (*Id.* at 2.) Liberally construed, Plaintiff's allegations are sufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

However, Plaintiff's allegations are insufficient to state a First Amendment retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Although Plaintiff clearly believes that Defendants were acting in concert with each other to deny him medical treatment because he refused to sign the waiver form, Plaintiff's allegations are insufficient to state a First Amendment retaliation claim. Specifically, he fails to satisfy the second, third, and fourth elements of a retaliation claim, i.e., that Defendants took adverse actions against Plaintiff *because of* Plaintiff's protected conduct, Plaintiff fails to explain what that protected conduct was, and that Defendants' actions chilled the exercise of his First Amendment rights. *Id.* Accordingly, this claim is DISMISSED for failure to state a claim. Plaintiff

3

shall be given an opportunity to file an amended complaint to attempt to state sufficient facts to state a First Amendment retaliation claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies discussed above. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-02119 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

In the alternative, Plaintiff may file notice in the same time provided that he wishes to proceed solely on the Eighth Amendment claim found cognizable above and strike the First Amendment retaliation claim from the complaint.

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.** The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: September 4, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.19\00537Smith_dwlta

4