UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON SMITH,

    Plaintiff,

v.

DR. LAW FU, et al.,

    Defendants.

Case No. 19-02119 BLF (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state prisoner at the Correctional Training Facility ("CTF") in Soledad, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against CTF personnel. After an initial review, the Court found the complaint stated a cognizable claim under the Eighth Amendment for deliberate indifference to serious medical needs. (Docket No. 4.) In the same order, Plaintiff was granted leave to attempt to file an amended complaint to state sufficient facts to state a First Amendment claim. (*Id.*) Plaintiff has filed notice that he wishes to proceed solely on the Eighth Amendment claim. (Docket No. 5.) Accordingly, this matter shall proceed solely on the Eighth Amendment medical claim, and the First Amendment claim shall be stricken from the complaint.

///

///

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff claims that he is a "chronic care patient" with osteo arthritis in his right shoulder which is associated with chronic pain since July 2015. (Compl. Attach. at 5.) He had a prescription for 15mg of methadone since July 2015. (*Id.*) On July 25, 2018, Plaintiff was transported to Twin City Medical Community for a recommended "orthopedic consultation/evaluation." (*Id.*) Upon his arrival, Plaintiff was directed to sign a waiver of liability and consent to videotaping surgery, among other things, before receiving treatment. (*Id.* at 5-6.) When Plaintiff declined to sign the document, he was denied medical treatment by Defendant Dr. Kowall, the orthopedic specialist whom he was scheduled to see. (*Id.* at 6.) On July 29, 2019, Plaintiff was seen by Defendant D. Fu Law, whom Plaintiff claims informed him that he was taking Plaintiff off methadone because Plaintiff had refused to sign the document presented to him by Dr. Kowall on July 25, 2019. (*Id.* at 6-7.) Subsequently, Plaintiff's 15mg methadone prescription was reduced to 5 mg per day. (*Id.* at 7.) When Plaintiff met with Defendant Dr. Ross on August 6, 2018,

2

he requested some "low level medications" to manage his withdrawal symptoms from methadone. (*Id.* at 7-8.) Plaintiff alleges that Defendant Ross told him that he "should have just signed the waiver form when you went to see defendant Dr. Kowall on 07/25/18, now you could smoke all the marijuana you want to." (*Id.* at 8.) Defendant Ross only prescribed capsaicin cream, which only inflamed Plaintiff's right shoulder injury. (*Id.*) On August 15, 2018, Plaintiff filed an "emergency appeal" in an effort to have medical staff intervene and stop the withdrawal symptoms that he was experiencing, including headaches, dizziness, cramps, diarrhea, etc. (*Id.*) Plaintiff claims that Defendant M. Votaw, the prison health care grievance office representative, "deliberately ignored a serious medical need, by bypassing an emergency screening which lead to extended suffering of withdrawal symptoms for up to two weeks as a result of defendant M. Votaw's inaction." (*Id.*) Plaintiff claims that Defendant S. Posson, the Chief Medical Executive, delayed recommended physical therapy until January 24, 2019. (*Id.*) Plaintiff claims that Defendants' actions amounted to retaliation under the First Amendment and deliberate indifference to serious medical needs under the Eighth Amendment. (*Id.* at 2.) Liberally construed, Plaintiff's allegations are sufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Dr. Law Fu, Dr. Rachel Ross, Dr. Kowall, M. Votaw, and S. Posson** at the **Correctional**

3

**Training Facility (P.O. Box 686, Soledad, CA 93960-0686)**. The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

4

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a

timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** October 10, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.19\02119Smith_svc