UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br>　　　　Plaintiff,<br>　　v.<br>DR. LAW FU, et al.,<br>　　　　Defendants. | Case No. 19-02119 BLF (PR)<br>**ORDER DIRECTING PLAINTIFF TO PROVIDE MORE INFORMATION FOR UNSERVED DEFENDANTS** |

Plaintiff, a state prisoner at the Correctional Training Facility ("CTF") in Soledad, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against CTF personnel. After an initial review, the Court found the complaint stated a cognizable claim under the Eighth Amendment for deliberate indifference to serious medical needs. (Docket No. 4.) In the same order, Plaintiff was granted leave to attempt to file an amended complaint to state sufficient facts to state a First Amendment claim. (*Id.*) Plaintiff has filed notice that he wishes to proceed solely on the Eighth Amendment claim. (Docket No. 5.)

On October 10, 2019, the Clerk mailed Notices of Lawsuit and Request for Waiver of Service of Summons and Waivers of Service of Summons to Defendants Dr. Law Fu, Dr. Rachel Ross, Dr. Kowall, M. Votaw, and S. Posson at CTF. (Docket Nos. 7-11.)

Order Directing Plaintiff to Provide More Information for Unserved Defendants
PRO-SE\BLF\CR.19\2119Smith_moreinfo

On October 23, 2019, the documents mailed to Defendants Dr. Fu, Dr. Kowall and Dr. Ross were returned unexecuted. (Docket Nos. 13; 14.) The mail to Defendant Dr. Ross specifically indicates that she is "no longer with CTF." (Docket No. 14.) Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of "good cause," claims against Defendants Dr. Ross and Dr. Kowall are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff must remedy the situation by providing more information regarding Defendants Dr. Ross and Dr. Kowall's current whereabouts or face dismissal of his claims against these Defendants without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

For the foregoing reasons, the Court orders Plaintiff to file a notice providing the Court with more information regarding the current whereabouts for **Defendants Dr. Ross and Dr. Kowall** such that the Marshal is able to effect service. If Plaintiff fails to provide the Court with the information requested **within twenty-eight (28) days** of the date this order is filed, Plaintiff's claim against Defendants Dr. Ross and Dr. Kowall shall be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: NOV 18, 2019

BETH LABSON FREEMAN
United States District Judge

Order Directing Plaintiff to Provide More Information for Defendants
PRO-SE\BLF\CR.19\2119Smith_moreinfo