1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

JASON SMITH,

Plaintiff,

12

v.

13
14

DR. LAW FU, et al.,

15

Defendants.

16
17

Case No. 19-02119 BLF (PR)

**ORDER DIRECTING CLERK TO
ISSUE SUMMONS AND MARSHAL
TO SERVE COMPLAINT ON
DEFENDANT RACHEL ROSS;
DIRECTING DEFENDANT TO FILE
DISPOSITIVE MOTION OR
NOTICE REGARDING SUCH
MOTION**

18

Plaintiff, a state prisoner at the Correctional Training Facility ("CTF") in Soledad,

19

filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against CTF

20

personnel.  The Court found the complaint stated a cognizable claim under the Eighth

21

Amendment for deliberate indifference to serious medical needs, and granted Plaintiff

22

leave to amend to attempt to state sufficient facts to state a First Amendment claim.  Dkt.

23

No. 4.  After Plaintiff filed notice that he wished to proceed solely on the Eighth

24

Amendment claim, the Court ordered the matter served on Defendants.  Dkt. No. 6.  All

25

Defendants except for Defendant Rachel Ross appeared in this matter, and after full

26

briefing, all claims against them have been dismissed.  Dkt. Nos. 51, 52.  Only the claim

27

against Defendant Ross remains.

28

A request for waiver of service was sent to Defendant Ross at CTF on October 19,

United States District Court
Northern District of California

United States District Court
Northern District of California

2019, Dkt. No. 8, which was returned as undeliverable with a notation that Defendant Ross was no longer with CTF.  Dkt. No. 13.  Plaintiff was directed to provide a current address for Defendant Ross, which he did on December 2, 2019.  Dkt. Nos. 16, 20.  On December 6, 2019, the Clerk resent a request for waiver of service to Defendant Ross at the following address: 2941 Sunrise Blvd., Suite 210, Rancho Cordova, CA 95742.  Dkt. No. 22.  To date, there has been no response from Defendant Ross or any indication that she received the request for waiver of service.  Accordingly, the Court will order the Marshal to formally serve the matter on Defendant Ross at the address provided by Plaintiff.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

The Court found the complaint stated cognizable claims based on the following allegations.  The specific allegations against Defendant Ross are in bold:

> Plaintiff claims that he is a "chronic care patient" with osteo arthritis in his right shoulder which is associated with chronic pain since July 2015.

(Compl. Attach. at 5.)  He had a prescription for 15mg of methadone since July 2015.  (*Id.*)  On July 25, 2018, Plaintiff was transported to Twin City Medical Community for a recommended "orthopedic consultation/evaluation."  (*Id.*)  Upon his arrival, Plaintiff was directed to sign a waiver of liability and consent to videotaping surgery, among other things, before receiving treatment.  (*Id.* at 5-6.)  When Plaintiff declined to sign the document, he was denied medical treatment by Defendant Dr. Kowall, the orthopedic specialist whom he was scheduled to see.  (*Id.* at 6.)  On July 29, 2019, Plaintiff was seen by Defendant D. Fu Law, whom Plaintiff claims informed him that he was taking Plaintiff off methadone because Plaintiff had refused to sign the document presented to him by Dr. Kowall on July 25, 2019.  (*Id.* at 6-7.)  Subsequently, Plaintiff's 15mg methadone prescription was reduced to 5 mg per day.  (*Id.* at 7.)  **When Plaintiff met with Defendant Dr. Ross on August 6, 2018, he requested some "low level medications" to manage his withdrawal symptoms from methadone.  (*Id.* at 7-8.)  Plaintiff alleges that Defendant Ross told him that he "should have just signed the waiver form when you went to see defendant Dr. Kowall on 07/25/18, now you could smoke all the marijuana you want to."  (*Id.* at 8.)  Defendant Ross only prescribed capsaicin cream, which only inflamed Plaintiff's right shoulder injury.  (*Id.*)**  On August 15, 2018, Plaintiff filed an "emergency appeal" in an effort to have medical staff intervene and stop the withdrawal symptoms that he was experiencing, including headaches, dizziness, cramps, diarrhea, etc.  (*Id.*)  Plaintiff claims that Defendant M. Votaw, the prison health care grievance office representative, "deliberately ignored a serious medical need, by bypassing an emergency screening which lead to extended suffering of withdrawal symptoms for up to two weeks as a result of defendant M. Votaw's inaction."  (*Id.*)  Plaintiff claims that Defendant S. Posson, the Chief Medical Executive, delayed recommended physical therapy until January 24, 2019.  (*Id.*)  Plaintiff claims that Defendants' actions amounted to retaliation under the First Amendment and deliberate indifference to serious medical needs under the Eighth Amendment.  (*Id.* at 2.)  Liberally construed, Plaintiff's allegations are sufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Dkt. No. 6 at 2-3.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.      The Clerk of the Court shall issue summons and the Unites States Marshal shall serve, without prepayment of fees, a copy of the complaint, Dkt. No. 1, all attachments thereto, and a copy of this order upon **Defendant Dr. Rachel Ross** at **2941 Sunrise Blvd., Suite 210, Rancho Cordova, CA 95742.** The Clerk shall also mail a copy of this Order to Plaintiff.

Defendant Ross is advised to contact the Attorney General's Office[1] for possible representation in this action.

2.      No later than **ninety-one (91) days** from the date this order is filed, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

     a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due.

     b.      **In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment

---

[1] Deputy Attorney General Wilfred T. Fong represented the other Defendants in this action and may be reached at the following email address: wil.fong@dog.ca.gov.

United States District Court
Northern District of California

must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4.      Defendant *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:  __September 22, 2020___**

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.19\02119Smith_svc.Ross